### LAUDERDALE et al. v. GUIN et al.

No. 5462.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Goff & Goff, of Arcadia, for appellants.

Robt. H. Wimberly, of Arcadia, for appellees.

HAMITER, Judge.

A deed was executed on the 26th day of October, 1928, by Mrs. Cretta Harvill Marler in favor of her daughter and son-in-law, Mr. and Mrs. T. H. Guin, affecting 100 acres of land situated in Bienville parish, La. The recited consideration was $1,000, payable $100 in cash and the balance in four yearly notes of $225 each, which were secured by a mortgage and vendor's lien on the property.

On August 16, 1929, another deed was passed which provided for a reconveyance of 40 acres of the above-mentioned 100 acres, by Mr. and Mrs. Guin to the said Mrs. Marler for a cash consideration of $1,000.

Mrs. Marler died in the year 1932, leaving four children. Mrs. Lillie Smith Lauderdale, Mrs. Dora Smith Nix, and J. S. Smith were issues of her first marriage, while Mrs. Guin was born of her second matrimonial venture. A third marriage was contracted by her, to which we shall hereafter refer, but there was no issue of it.

After such death, Mrs. Lauderdale and Mrs. Nix brought this suit under the provisions of article 2444 of the Revised Civil Code against Mr. and Mrs. Guin, attacking the aforementioned deed of date October 26, 1928, as having been executed without consideration and being a donation in disguise. They pray for the annulment and avoidance of that deed, and that they be recognized as the lawful owners by inheritance from their said mother of an undivided one-fourth interest in and to the property therein described, and in certain personal property also alleged to have been owned by the said Mrs. Marler at the time of her death.

An exception of no cause or right of action was tendered and urged against the petition. This was overruled.

In their answer, defendants aver that the sale from Mrs. Marler to them was bona fide and valid and was in no manner a donation, and that the consideration recited in the deed was actual and either paid in cash or its equivalent. They further allege that the reconveyance of the 40 acres to Mrs. Marler was also bona fide and actual, but that the consideration therefor was the cancellation and settlement of the mortgage notes executed and given by them instead of $1,000 cash, as recited. By virtue of these two transactions, defendants assert that they are the owners of 60 acres of the original tract, and that the remaining 40 acres belonged to decedent at the time of her death. It is also alleged in the answer that decedent's estate owns certain personal property, and that Mrs. Marler left a valid will and testament.

After the hearing of a motion for security for cost, the trial court ordered the furnishing of bond by Mrs. Dora Smith Nix with good and solvent security. On failure of this being furnished within the designated period, the suit was dismissed as to her.

A trial on the merits was then had between Mrs. Lillie Lauderdale, the remaining plaintiff, and the defendants. There was judgment for plaintiff decreeing that the 40 acres, which was reconveyed by defendants to Mrs. Marler, and certain personal property, belonged to decedent's succession, and recognizing plaintiff as one of the forced heirs of decedent, and, as such, the owner by inheritance of an undivided one-fourth interest in all property left by her. All other demands of plaintiff were rejected. Defendants were cast for one-third of the costs of suit, and plaintiff for the remaining two-thirds.

The judgment was appealed from by plaintiff. Defendants have answered the appeal praying that the judgment be amended by rejecting plaintiff's demands in toto, or, in the alternative, that she be condemned for all costs.

An agreed stipulation was inserted in the record at the commencement of the trial of the case that all matters touching upon the validity of the last will and testament of the decedent should be eliminated from the suit without prejudice to the rights of any interested party.

200

The sole complaint registered by appellant in this court concerns the trial judge's failure and refusal to annul the deed executed by decedent in favor of defendants and to decree the entire 100 acres affected thereby as belonging to the succession.

Article 2444 of the Revised Civil Code, on which plaintiff's cause is founded, provides:

"*Immovables—Sale by parents to children—Disguised donations.—*

"The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale."

▆ Although the transfer in question was made to the defendants jointly, it must be viewed as one from a parent to a child within the contemplation and intendment of the above codal provisions. The conveyance produced in substance the same effect as if made to Mrs. Guin alone. Heirs of Dupuy v. Dupont et ux., 11 La.Ann. 226.

There is a paucity of evidence in the record relating to the question presented for determination. With the exception of the documents evidencing the above transactions, the only proof offered is the testimony of the defendant, T. H. Guin. From the transcript as made up, we find the pertinent facts to be as follows:

Shortly after their marriage, Mr. and Mrs. Guin established their domicile on the 100-acre tract and began its cultivation. Decedent also resided on the property until her marriage with J. N. Marler, this being her third one, at which time she and her said husband moved to the W. A. Byrd place, located about one-half mile away. Subsequent to this marriage, and particularly on October 26, 1928, the deed covering the 100 acres was signed and executed by Mrs. Marler, and Mr. and Mrs. Guin actually paid to her $100 in cash and signed and delivered the four notes representing the credit portion of the purchase price. After living with her said husband on the Byrd place for about a year, Mrs. Marler became dissatisfied with this last marital undertaking and left the matrimonial domicile. She approached her son-in-law, who had continued to reside on and farm the 100 acres, and proposed to surrender to him and cancel the four mortgage notes, which she held, in consideration of his conveying to her 40 acres of the said original tract. At that time none of the notes had matured. Guin offered to keep the entire acreage and to pay the obligation as it became due; but decedent's wishes prevailed, and the desired parcel of land was conveyed under the deed signed by the parties on August 16, 1929. A day later, the notes were presented to the clerk of court marked "paid" and the mortgage securing them was canceled in full. The cash payment made by Guin in connection with the original transfer was not returned to him.

Thereafter decedent erected a house on this reacquired 40 acres of land, and lived in it until shortly before her death.

When asked under cross-examination what he thought the entire 100 acres of land was worth, Guin stated—"Well, it ought to be worth $2000.00."

▆ The success of plaintiff's efforts in this cause is dependent upon her proving that no price was paid by defendants to Mrs. Marler for the property, or that the price paid was below one-fourth of its real value at the time of the sale. According to our appreciation of the evidence in the record, she has proved neither. There is nothing to indicate that a donation was intended by the parties or that the transaction was simulated. On the contrary, the surrendering of possession and the moving from the property by Mrs. Marler, the payment of $100 in cash and the signing and delivery of the notes by Mr. and Mrs. Guin to decedent, and the period of almost ten months intervening between the execution of the first and second deeds, point to the conclusion that the sale was consummated in good faith and in the ordinary course of affairs. And it must be said that the negotiable notes, totaling $900 in amount, were just as effectively and as much a part payment of the price as was the cash consideration actually paid; for they were available to Mrs. Marler for purposes of sale, discount, or other methods of negotiation.

The case of Richard v. Richard, 129 La. 967, 57 So. 286, is cited and quoted from by plaintiff's counsel in support of his contention that the original deed was merely a donation in disguise. We find no analogy between the facts of that case and those in the one at bar. The opin-

ion in the Richard litigation shows that no cash or its equivalent was paid by the purchaser to the decedent, that the mortgage notes executed by such purchaser were retained by him, and the possession and use of the property remained with the vendor, under the provisions of the deed, during his natural life.

Due consideration has been given to defendants' answer to the appeal. We find no merit in it.

The judgment of the trial court appears to us to be correct in all respects, and it is affirmed.